IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MACK A. DAYS,                     :
                                  :
        Plaintiff,                :
                                  :
    v.                            : Civil Action No. 09-819-JJF
                                  :
MALONEY'S ASPHALT                 :
DESIGN INC.,                      :
                                  :
        Defendant.                :

Noel E. Primos, Esquire of SCHMITTINGER & RODRIGUEZ, P.A. Dover, Delaware.

Attorney for Plaintiff.

**MEMORANDUM OPINION**

July 29, 2010
Wilmington, Delaware.

Farnan, District Judge.

Plaintiff, Mack A. Days, initiated the instant action on October 30, 2009, contending that Defendant, Maloney's Asphalt Design Inc., illegally discriminated against him based on race and illegally terminated him in retaliation for exercising his worker's compensation rights. (D.I. 1 Counts I and II.) Defendant failed to plead or defend against the claims asserted in the Complaint. As a result, the Clerk entered default against Defendant on March 16, 2010. On July 21, 2010, the Court held a hearing during which Plaintiff presented evidence and testimony in support of a damages award. This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law.

I.  BACKGROUND

Plaintiff worked for Defendant for approximately eight months in 2008, initially as a supervisor and then as a laborer. (D.I. 6 Damages Hearing Tr. 4:12-24.) While he worked for Defendant, Plaintiff maintains he was subject to ongoing harassment that was racially motivated. (Id. at 6:6-10.) Specifically, Plaintiff testified that Defendant's owner, Mr. Patrick Maloney, regularly verbally harassed Plaintiff and that the harassment was racially charged. (Id.) For example, Plaintiff testified that Mr. Maloney, while yelling at Plaintiff, referred to Plaintiff as lazy and/or stupid in a context that implied those characteristics were racial. (Id.) Plaintiff also

1

testified that Mr. Maloney would yell at him and stop short of the last word of the diatribe, and it was clear that the next word, while not spoken, would have been a derogatory racial epithet. (Id.) According to Plaintiff, this discriminatory conduct caused him substantial emotional harm. (Id. at 10:12-14, 10:19-11:2.)

Additionally, Plaintiff testified that he was terminated by Mr. Maloney following Plaintiff's hospitalization for an on-site work injury and Plaintiff's attempt to utilize his workers' compensation benefits for payment of the hospital bill for a two day hospitalization. (Id. at 8:17-9:7, 10:15-18.) Plaintiff testified that he was terminated immediately following his request that Defendant pay Plaintiff's hospital bills. (Id.) Plaintiff requests the Court to award him damages due to Defendant's discrimination and retaliation.

## II. DISCUSSION

The Court finds that Plaintiff has proven by the appropriate standard an entitlement to lost pay and compensatory damages as requested based on his unrebutted testimony establishing intentional discrimination. Accordingly, the Court will award Plaintiff compensatory damages and back wages in the amount of $65,000.

As for Plaintiff's request for punitive damages, the Court concludes that Plaintiff has not established that an award of

punitive damages is warranted.  A plaintiff may recover punitive damages in a case of intentional discrimination "if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual."  42 U.S.C. § 1981a(b)(1).  "The terms 'malice' or 'reckless indifference' pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination."  Kant v. Seton Hall University, 279 Fed. Appx. 152, 158 (3d Cir. 2008) (quoting Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 535 (1999)).  Although Plaintiff has submitted ample evidence that Defendant was aware that he was engaging in discriminatory conduct, the Court cannot conclude that the evidence demonstrates that Defendant knew he was acting in violation of federal law.  Because an evidentiary basis is lacking for an award of punitive damages, the Court will deny Plaintiff's request for punitive damages.

    An appropriate order will be entered.